# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL PONDER,<br><br>    Plaintiff<br><br>v.<br><br>HANS-PETER WILD,<br><br>    Defendant | Case No.: 2:18-cv-01604-APG-BNW<br><br>**Order Granting in Part and Denying in Part Motion to Dismiss for Lack of Personal Jurisdiction and *Forum Non Conveniens***<br><br>[ECF No. 20] |

Plaintiff Michael Ponder sues defendant Hans-Peter Wild for several claims arising out of Ponder's tenure as Wild's employee. Ponder previously sued Wild in this court, but Judge Mahan dismissed Ponder's first complaint for lack of personal jurisdiction and later denied him leave to file an amended complaint. Wild now moves to dismiss Ponder's newest complaint for lack of personal jurisdiction and *forum non conveniens*. Wild does not have sufficient contacts with Nevada that give rise to Ponder's claims. Therefore, I cannot exercise jurisdiction over Wild and I must grant the motion to dismiss for lack of personal jurisdiction.

**I.    BACKGROUND[1]**

Ponder joined one of Wild's businesses, Wild Flavors, Inc. (WFI), in 1998. ECF No. 1 at 2. In 2010, he became Global CEO of WILD Flavors GmbH (WILD), a Swiss company. *Id.* at 3. During a dinner at Wild's house in Zug, Switzerland, Wild promised Ponder that if he successfully sold WILD, Wild would personally pay Ponder $3 million in addition to whatever compensation he received from WILD. *Id.* at 4. Ponder successfully sold the company, but Wild rescinded his promise at another dinner in Zug and refused to pay Ponder the $3 million. *Id.* at 8.

---

[1] The facts set forth here are a summary of Ponder's allegations in his complaint as well as relevant facts from affidavits filed by the parties.

At other times, Wild also failed to compensate Ponder for guidance on relations with the German government; security services in the Middle East, India, and Asia; and services rendered to Wild's Europe-based machinery and Capri Sun beverage businesses. *Id.* at 5-9.

After their relationship deteriorated, Ponder and Wild engaged in a contentious email exchange regarding, among many other things, Ponder's uncompensated activities. *Id.* at 10; ECF No. 1-1. Ponder alleges that Wild copied other individuals, including the CEO of the United State Marine Corp Scholarship Fund, other WILD executives, and business associate Susan Ricci, to harm and embarrass to Ponder. ECF No. 1 at 10. However, the exchange indicates that Ricci initiated it and included many of the WILD executives in her initial message. ECF No. 1-1.

Ponder has lived in Nevada since 2006. ECF No. 1 at 3. Wild resides in Zug, Switzerland. *Id.* at 2, 4. Wild frequently traveled to the United States. *Id.* at 3. Ponder points to Wild's personal relationship with a Nevada-licensed attorney and membership at the Southern Highlands Golf Club as evidence of Wild's strong connection to Nevada. ECF Nos. 26 at 5; 26-1; 26-4. Wild also owned three companies incorporated in Nevada, but he states in his declaration that Ponder caused the incorporation of these entities in Nevada and that Wild does not recall taking any actions as an officer of these companies. *Id.* at 4; ECF No. 32-2.

Ponder first filed suit in October 2016, asserting seven causes of action. *Ponder v. Wild,* 16-cv-02305-JCM-PAL (D. Nev. 2016), ECF No. 1. Judge Mahan dismissed that complaint for lack of personal jurisdiction. *Ponder v. Wild*, No. 2:16-CV-2305-JCM-PAL, 2017 WL 1536165 (D. Nev. Apr. 26, 2017). Ponder then moved for leave to amend, but Judge Mahan denied the motion because his proposed amended complaint failed to state a claim for defamation and failed to adequately plead personal jurisdiction. *Ponder v. Wild*, No. 2:16-CV-2305-JCM-PAL, 2018

WL 473003 (D. Nev. Jan. 18, 2018). Ponder then filed this suit in October 2018, asserting causes of action for breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, fraudulent misrepresentation, conversion, defamation, and punitive damages. ECF No. 1. Wild now moves to dismiss for lack of personal jurisdiction. ECF No. 20.

## II.     ANALYSIS

When a defendant moves to dismiss for lack of personal jurisdiction on the basis of written materials rather than an evidentiary hearing, I must determine whether plaintiff's "pleadings and affidavits make a prima facie showing of personal jurisdiction." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quotation omitted). In deciding whether a plaintiff has met his burden, I must accept as true the uncontroverted allegations in his complaint, but a plaintiff cannot rest on the "bare allegations" of his complaint. *Id.* (quotation omitted). Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor. *Id.*

"When no federal statute governs personal jurisdiction, the district court applies the law of the forum state." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Ponder argues that because I must apply the law of the forum state, I should look to language in decisions of the Supreme Court of Nevada that he claims is more permissive than the federal standard after *Walden v. Fiore*, 571 U.S. 277 (2014). ECF No. 26 at 11-15. But the United States Supreme Court applied Nevada law in *Walden.* 571 U.S. at 283. Because "Nevada's jurisdictional statute allows for personal jurisdiction 'over a party to a civil action on any basis not inconsistent with the Constitution of this state or the Constitution of the United States[,]' Nev. Rev. Stat. § 14.065, [I] apply the federal standard for personal jurisdiction." *Gunn v. Wild*, 771 F. App'x 392, 392 (9th Cir. 2019) (citing *Walden*, 571 U.S. at 283).

3

Under the federal standard, "[f]or a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least minimum contacts with the relevant forum such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Schwarzenegger*, 374 F.3d, at 801. "There are two forms of personal jurisdiction that a forum state may exercise over a nonresident defendant—general jurisdiction and specific jurisdiction." *Boschetto*, 539 F.3d at 1016.

**A. General Jurisdiction**

"A court may assert general jurisdiction over [a defendant] when [his] affiliations with the State are so 'continuous and systematic' as to render [him] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile . . . ." *Daimler AG v. Bauman,* 571 U.S. 117, 137 (2014).

Ponder argues that Wild's domicile is an "issue of fact" and that Wild's substantial contacts with Nevada render him at home here. ECF No. 26 at 8-11. But Ponder concedes in his complaint that Wild resides in Switzerland. ECF No. 1 at 2. Wild's alleged contacts with Nevada include his decision to file a lawsuit in Nevada, his membership at the Southern Highlands Golf Club, and his personal relationship with a Nevada-licensed attorney. ECF Nos. 26 at 9; 26-4. These contacts do not "render [Wild] essentially at home" in Nevada. If they did, they would also render him at home in multiple other jurisdictions because Wild's girlfriend is also licensed in California and Wild has been a member of at least eight golf clubs in seven states and countries. ECF Nos. 26-4; 32-2. I cannot exercise general jurisdiction over Wild. Indeed, the Ninth Circuit affirmed Judge Mahan's decision that he could not exercise general jurisdiction over Wild in a related case. *Wild*, 771 F. App'x at 392 ("The district court lacked general

personal jurisdiction over Wild because he is not domiciled or otherwise at home in Nevada, notwithstanding his alleged contacts with Nevada.").

**B. Specific Jurisdiction**

Specific jurisdiction depends on an "activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear*, 564 U.S. at 919. "In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id.* (quotation omitted). I apply a three-prong test to determine whether specific jurisdiction exists: (1) the defendant "must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws"; (2) the plaintiff's claims must "arise[] out of or relate[] to the defendant's forum-related activities"; and (3) "the exercise of jurisdiction . . . must be reasonable." *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). With regard to the second prong, Ponder must plead facts showing that he would not have suffered an injury "but for" Wild's activities in Nevada. *Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007).

**1. Contract-related Claims**

Even assuming that Wild has purposefully directed his activities towards Nevada or availed himself of the privilege of conducting activities in Nevada, Ponder's contract-related claims do not arise out of any of Wild's purported contacts with Nevada. Ponder alleges that Wild belonged to a golf club in Nevada, owned three entities incorporated in Nevada, has a personal relationship with a Nevada-licensed attorney, and a Wild-affiliated company filed a lawsuit in Nevada. But Ponder's claims involve Wild's failure to compensate him for selling a

5

Swiss company, providing security services in foreign countries, providing guidance on relations with the German government, and services rendered to Wild's Europe-based businesses.

Ponder would have suffered these injuries even without Wild's activities in Nevada. Wild made and disavowed the $3 million promise in Switzerland. Although one of the Nevada-incorporated entities was part of the deal, the promise related to the Swiss company. So the promise and breach still would have taken place absent Wild's forum-state activities. And the uncompensated security services, government-relations work, and business advice were similarly unrelated to Wild's contacts with Nevada. Even if Ponder performed some of these activities from his residence in Nevada, "the fact that a contract envisions one party discharging his obligations in the forum state cannot, standing alone, justify the exercise of jurisdiction over another party to the contract." *Picot*, 780 F.3d at 1213. Otherwise, "a plaintiff's contacts with the defendant and forum [would] drive the jurisdictional analysis." *Id.* (quoting *Walden,* 571 U.S. at 289). Wild states that none of the meetings related to the sale of the company took place in Nevada and that his business-related activities in the United States took place in Ohio, Kentucky, and California. ECF No. 32-2. Because Ponder's contract-related claims do not arise out of Wild's contacts with Nevada, I cannot exercise personal jurisdiction over Wild for those claims.

### 2. Tort Claims

Purposeful direction is the "proper analytical framework" for intentional torts like Ponder's defamation, fraudulent misrepresentation, and conversion claims. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011) (quoting *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010)). To purposefully direct conduct towards Nevada, a defendant must (1) commit an intentional act, (2) expressly aimed here, (3) that causes foreseeable harm here. *Id.* at 1227-28. It is not enough that the defendant's acts

might create "foreseeable effects in the forum state." *Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 675 (9th Cir. 2012) (citation and quotation marks omitted). And it is not enough that a defendant knew that the victim of his tortious activity resides in the forum state. *Walden*, 571 U.S. at 283-90. "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.* at 290. For a defamation claim, jurisdiction may be properly laid at the focal point of the defamatory act and harm suffered. *See Calder v. Jones*, 465 U.S. 783, 789 (1984) ("California is the focal point both of the story and of the harm suffered.").

Even assuming Wild committed intentional tortious acts, his tortious conduct was not expressly aimed at Nevada. With respect to the allegedly defamatory email exchange, Ponder does not allege that any of the recipients was located in Nevada. He alleges that one of the recipients was CEO of a Nevada corporation, but she states in her declaration that she is a California resident and was not in Nevada when she received the email. ECF No. 20-3. And under *Walden*, Wild's knowledge that Ponder resided in Nevada is not enough to support personal jurisdiction. 571 U.S. at 290. Because Wild does not establish that Nevada was the "focal point" of the defamatory act and the harm suffered, I cannot exercise specific jurisdiction over Wild on Ponder's defamation claim.

Ponder's fraudulent misrepresentation and conversion claims relate to the $3 million oral promise made and disavowed at Wild's home in Zug, Switzerland. ECF No. 1 at 15-16. The only connection between this tortious conduct and Nevada is Ponder's residence in Nevada. I cannot exercise personal jurisdiction over Wild on these claims, either, because the conduct was not expressly aimed at Nevada.

Because I cannot exercise personal jurisdiction over Wild on any of Ponder's claims, I must grant Wild's motion to dismiss for lack of personal jurisdiction.

### C. Jurisdictional Discovery

Jurisdictional discovery "may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto*, 539 F.3d at 1020. I may deny a request for jurisdictional discovery that is "based on little more than a hunch that it might yield jurisdictionally relevant facts." *Id.*

Ponder requests jurisdictional discovery "as to where defendant Wild actually spends the majority of his time" and "the nature of [Wild's] systemic and continuous contacts with the state of Nevada." ECF No. 26 at 18. Ponder names only Wild's "private flight logs" as a potential source of discoverable information. *Id.* Ponder concedes that Wild resides in Switzerland, however, so the flight logs will not establish personal jurisdiction. And Ponder's request for discovery as to the nature of Wild's contacts with Nevada is not based on anything more than a hunch. I deny Ponder's request for jurisdictional discovery.

## III. CONCLUSION

I THEREFORE ORDER that defendant Hans-Peter Wild's motion to dismiss **[ECF No. 20] is GRANTED in part** because this court lacks jurisdiction over Wild. The clerk of the court is directed to close this case.

DATED this 30th day of September, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE